IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **Rondevoo Technologies, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**Nokia Corporation**, **Nokia of America Corporation**, and **HMD Global Corporation,**<br><br>Defendants. | Case No. _____<br><br>Patent Case<br><br>Jury Trial Demanded |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Rondevoo Technologies, LLC ("Rondevoo"), through its attorney, Isaac Rabicoff, complains of Nokia Corporation, Nokia of America Corporation, and HMD Global Corporation (collectively, "Defendants" or "the defendants"), and alleges the following:

**PARTIES**

1. Plaintiff Rondevoo Technologies, LLC is a corporation organized and existing under the laws of California and maintains its principal place of business at 35 Hugus Alley, Suite 210, Pasadena, CA 91103.

2. Defendant Nokia Corporation is a limited liability corporation organized and existing under the laws of Finland that maintains its principal place of business at Karaportti 3, 02610 Espoo, Finland. Nokia Corporation also maintains a regular and established place of business at 600-700 Mountain Avenue, Murray Hill, NJ, USA 07974. Nokia Corporation registered "Nokia" as a trademark with the United States Patent and Trademark Office on May 16, 2017. Nokia Technologies is an operational division of Nokia Corporation that licenses Nokia Corporation's intellectual property to other entities. Upon information and belief, Nokia Corporation has not registered as a foreign entity in any U.S. State's Secretary States Office or

other similarly proper recording office necessary to conduct business operations in the United States.

3. Defendant Nokia of America Corporation is a corporation organized and existing under the laws of Delaware that maintains its principal place of business at 600-700 Mountain Avenue, Murray Hill, NJ, USA 07974. Nokia of America Corporation is a subsidiary of Nokia Corporation. Upon information and belief, Nokia of America Corporation conducts all operational activity on behalf of Nokia Corporation within the United States.

4. Defendant HMD Global Corporation is a limited liability corporation organized and existing under the laws of Finland that maintains its principal place of business at Bertel Jungin aukio 9, 02600 Espoo, Finland. HMD Global Corporation is the exclusive licensee of Nokia Corporation's "Nokia" trademark. HMD Global Corporation manufactures smartphones using the "Nokia" trademark. Upon information and belief, HMD Global Corporation sells smartphones using the "Nokia" trademark to consumers within the United States either solely or jointly in connection with either Nokia Corporation or Nokia of America Corporation.

## JURISDICTION

5. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

6. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over Nokia Corporation because, upon information and belief, it has engaged in systematic and continuous business activities in the District of Delaware, including maintaining a regular and established place of business in this

Judicial District. Further, Nokia Corporation has committed acts of patent infringement giving rise to this action within this Judicial District.

8. This Court has personal jurisdiction over Nokia of America Corporation because, upon information and belief, it has engaged in systematic and continuous business activities in the District of Delaware, is incorporated in Delaware, and maintains a regular and established place of business in this Judicial District. Further, Nokia of America Corporation has committed acts of patent infringement giving rise to this action within this Judicial District.

9. This Court has personal jurisdiction over HMD Global Corporation because, upon information and belief, it has engaged in systematic and continuous business activities in the District of Delaware by committing acts of patent infringement giving rise to this action within this Judicial District. Further, upon information and belief, HMD Global Corporation has established minimal contacts with this Judicial District such that bringing HMD Global Corporation before the Court does not offend traditional notions of fair play and substantial justice.

## VENUE

10. Venue is proper in this Judicial District under 28 U.S.C. § 1400(b) because, Nokia Corporation and Nokia of America Corporation have committed acts of patent infringement in this Judicial District and has a regular and established place of business in this Judicial District. Nokia of America Corporation is also incorporated in Delaware.

11. Venue is proper in this Judicial District under 28 U.S.C. § 1391(b)(3) because HMD Global Corporation is subject to the Court's personal jurisdiction.

## THE PATENT-IN-SUIT

12. Rondevoo is the assignee of all right, title and interest in United States Patent No. 6,377,685 (the "'685 Patent," "Patent-in-Suit"), including all rights to enforce and prosecute

actions for infringement and to collect damages for all relevant times against infringers of the '685 Patent. Accordingly, Rondevoo possesses the exclusive right and standing to prosecute the present action for infringement of the Patent-in-Suit by Nokia Corporation, Nokia of America Corporation, and HMD Global Corporation.

**The '685 Patent**

13. On April 23, 2002, the United States Patent and Trademark Office issued the '685 Patent. The '685 Patent is titled "Cluster Key Arrangement." The application leading to the '685 Patent was filed on April 23, 1999. A true and correct copy of the '685 Patent is attached hereto as Exhibit A and incorporated herein by reference.

14. The '685 Patent is valid and enforceable.

15. The inventors recognized that there was a need for improving cluster key arrangements for mobile devices such as cell-phones. Ex. A, 1:5–67.

16. The invention in the '685 Patent provides an improved cluster key arrangement system. Ex. A, 6:39–52.

17. To this end, the inventors recognized the importance of developing not only button-based cluster key arrangements, but also electronically configured cluster key arrangements. Ex. A, 6:39-41 ("The cluster key arrangement may be mechanically configured or electronically configured.").

### KNOWLEDGE OF INFRINGEMENT

18. Defendants knew the existence of the '685 Patent since at least the publication of Finnish Patent No. 20000529 (hereinafter the "'529 Patent") on September 9, 2001 which was filed by Nokia Mobile Phones Ltd. (a subsidiary of Nokia Corporation) and referenced the '685 Patent as a prior art reference. A copy of the '529 Patent is attached hereto as Exhibit B.

19.     Despite being aware of the '685 Patent and that manufacturing and selling smartphones might infringe the '685 Patent, none of the defendants ever sought a license to use the technology described in the '685 Patent.

20.     As of the date of filing, Defendants have continued to make, sell, and/or offer to sell the Nokia 9 PureView.

COUNT I: INFRINGEMENT OF THE '685 PATENT

21.     Rondevoo incorporates the above paragraphs herein by reference.

22.     **Direct Infringement.** Upon information and belief, Defendants, acting solely and/or jointly, have been and continue to directly infringe at least Claim 1 of the '685 Patent in this Judicial District and elsewhere in the United States by providing a system for "[a] cluster key arrangement," for example, the Nokia 9 PureView, which include special characters, such as accented letters, that are selected from a primary key. *See* Figure 1, available at: https://www.nokia.com/phones/en_us?gclid=EAIaIQobChMIg4TFudGg4QIVwxx9Ch33VwOdEAAYASAAEgK8ZPD_BwE&gclsrc=aw.ds.



*Figure 1. The Nokia 9 PureView includes special characters, such as accented letters, that are selected from a primary key.*

23. The Nokia 9 PureView has claim element 1(a): "at least one cluster key." For example, the Nokia 9 PureView has a touchscreen keyboard with a button before and after it is selected. *See* Figure 2, available at: https://www.nokia.com/phones/en_us/support/nokia-3-user-guide/write-text/.

Type in a number or special character

Tap the numbers and symbols key. Some special character keys bring up more symbols. To see more symbols, tap and hold a symbol or special character.

*Figure 2. The Nokia 9 PureView has a touchscreen keyboard with a button before and after it is selected.*

24. The Nokia 9 PureView has claim element 1(b): "said cluster key comprising a single primary key." For example, the Nokia 9 PureView allows any of the lettered keys to be the primary key as it appears on the primary keyboard. If the primary key is touched and let go before the duration of time, the letter is selected. *See* Figure 2.

25. The Nokia 9 PureView has claim element 1(c): "said cluster key comprising at least one secondary key, said secondary key being located immediately adjacent to said primary key of said cluster key." For example, the Nokia 9 PureView has an electronic keyboard containing character variants, which occurs after a primary key is selected and after the primary key is touched and held for a duration of time. When the primary key is held down for the duration of time, a number of accented characters appear for selection. The accented key is immediately adjacent to the primary key letter. *See* Figure 2.

26. The Nokia 9 PureView has claim element 1(d): "mutual exclusivity selecting means for selecting said primary key or said secondary key in a mutually exclusive manner." For example, the Nokia 9 PureView electronic keyboard allows the user to select its primary keys by tapping

the primary key and permits the user to select its secondary keys by holding the corresponding primary key for a duration of time, and then dragging up to the character adjacent to the primary key in the bar appearing above the primary key. *See* Figure 2.

27. The Nokia 9 PureView has claim element 1(e): "wherein when both said primary key and said secondary key have met a threshold for actuation close in time to each other, said mutual exclusivity selecting means includes the use of a difference between said primary and said secondary key other than a difference in order of activation of said primary and said secondary key to select between said primary and said secondary key." For example, the Nokia 9 PureView has the primary and secondary keys directly adjacent to one another. The threshold actuation time between primary and secondary keys is virtually zero and determines whether the primary or secondary key is actuated based on the position of the finger or stylus on the touch screen. *See* Figure 2.

28. The Nokia 9 PureView has claim element 1(f): "each of said primary and secondary keys is individually actuable." For example, the Nokia 9 PureView electronic keyboard allows the user to select either its primary or secondary keys, independently of each other. *See* Figure 2.

29. The Nokia 9 PureView has claim element 1(g): "each of said primary key and said secondary key upon actuation move in a direction substantially parallel to the motion of the other of said primary and said secondary key upon actuation." For example, the primary and secondary keys of the Nokia 9 PureView are connected to mutually parallel vertical conductors. *See* Figure 2.

30. The Nokia 9 PureView has claim element 1(h): "each of said primary key and said secondary key has an associated electrical contact, activation of each said electrical contact sends a signal which indicates an input from said cluster key arrangement, and said mutual exclusivity

selecting means selects between said primary key and said secondary key during preprocessing prior to activation of any of said electrical contacts." For example, the primary and secondary keys of the Nokia 9 PureView are each associated with an electrical contact through the touchscreen. Prior to activation of the key selected, the mutual exclusivity selecting means shows which key is selected based on which key is highlighted. *See* Figure 2.

31. **Induced Infringement.** Upon information and belief, Defendants, acting solely and/or jointly, have also actively induced, and continues to induce, the infringement of at least Claim 1 of the '685 Patent by actively inducing their customers, including merchants and end-users to use the Nokia 9 PureView in an infringing manner as described above. Upon information and belief, Defendants have specifically intended that its customers use the Nokia 9 PureView in a manner that infringes at least Claim 1 of the '685 Patent by, at a minimum, providing access to support for, training and instructions for, the Nokia 9 PureView to its customers to enable them to infringe at least Claim 1 of the '685 Patent, as described above. Even where performance of the steps required to infringe at least Claim 1 of the '685 Patent is accomplished by Defendants and Defendants' customer jointly, Defendants actions have solely caused all of the steps to be performed.

32. Rondevoo is entitled to recover damages adequate to compensate it for such infringement in an amount no less than a reasonable royalty under 35 U.S.C. § 284.

33. Rondevoo will continue to be injured, and thereby caused irreparable harm, unless and until this Court enters an injunction prohibiting further infringement.

## JURY DEMAND

34. Under Rule 38(b) of the Federal Rules of Civil Procedure, Rondevoo respectfully requests a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Rondevoo asks this Court to enter judgment against Defendants, granting the following relief:

A. A declaration that Defendants have infringed the Patent-in-Suit;

B. An award of damages to compensate Rondevoo for Defendants' direct infringement of the Patent-in-Suit;

C. An order that Defendants and their officers, directors, agents, servants, employees, successors, assigns, and all persons in active concert or participation with them, be preliminarily and permanently enjoined from infringing the Patent-in-Suit under 35 U.S.C. § 283;

D. An award of damages, including trebling of all damages, sufficient to remedy Defendants' willful infringement of the Patent-in-Suit under 35 U.S.C. § 284;

E. An accounting of all damages and infringements not presented at trial;

F. A declaration that this case is exceptional, and an award to Rondevoo of reasonable attorneys' fees, expenses and costs under 35 U.S.C. § 285;

G. An award of prejudgment and post-judgment interest; and

H. Such other relief as this Court or jury may deem proper and just.

Dated: March 29, 2019

Respectfully submitted,

*/s/ Timothy Devlin*
Timothy Devlin
Delaware Bar No. 4241
DEVLIN LAW FIRM LLC
1306 N. Broom Street, 1st Floor
Wilmington, DE 19806
Phone: (302) 449-9010
tdevlin@devlinlawfirm.com

Isaac Rabicoff
(*Pro Hac Vice Admissionto be Filed*)
isaac@rabilaw.com
Rabicoff Law LLC
73 W Monroe
Chicago, IL 60603
(773) 669-4590
***Counsel for Plaintiff***